| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| JUAN CARLOS AMOR GARCIA AND OCEAN CREEK INTERNATIONAL, LLC,<br><br>                                        Plaintiffs,<br><br>-against-<br><br>ERNESTO COLMAN MENA, JAVIER ARTEGA, DYLAN JEANNOTTE, PEDRO LANGA, EAST RIVER INTERNATIONAL LLC, ANTONIO THOMAS INTERNATIONAL CORPORATION D/B/A VITAL DENT, GS ZAPA INTERNACIONAL, S.L., HUDSON RIVER INTERNATIONAL LLC, AND WALLKILL CREEK INTERNATIONAL LLC,<br><br>                                        Defendants. | **Docket No.:** 11 CIV 3859 (RMB)(MHD)<br><br>**PLAINTIFFS' NOTICE OF F.R.C.P. 30(b)(6) ENTITY DEPOSITIONS OF DEFENDANTS EAST RIVER INTERNATIONAL LLC, ANTONIO THOMAS INTERNATIONAL CORPORATION D/B/A VITAL DENT, GS ZAPA INTERNACIONAL, S.L., HUDSON RIVER INTERNATIONAL LLC, AND WALLKILL CREEK INTERNATIONAL LLC** |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Juan Carlos Amor Garcia and Ocean Creek International, LLC, by their counsel Robert Zara, Esq., of Zara Law Offices, will take the depositions on oral examination of the Entity Defendants as to each of the matters set forth herein below and on the dates hereof, each to commence at 9.30AM, or at any such date and time as mutually agreed upon between the parties, before a notary public or other officer authorized to administer oaths. The depositions will continue from day to day until

completed, may occur over several days if more than one person is necessary to provide the information requested, or shall continue as otherwise agreed upon between the parties.

At least seven (7) days before the deposition, each of the Corporate and other Entity Defendants shall designate one or more officers, directors, managing agents, or other persons who will testify on its behalf regarding the matters alleged in the Amended Complaint including without limitation the topics listed in **Exhibit A** hereto.

In case more than one (1) individual shall speak on behalf of a Defendant, please also specify the matter or matters as to which that individual will testify. The depositions shall be videotaped. Plaintiffs provides notice to the Entity Defendants herein that the depositions may be used at the time of trial.

| **NAME**: | **DATE OF DEPOSITION**: |
|---|---|
| EAST RIVER INTERNATIONAL LLC | November 11th, 2011 |
| ANTONIO THOMAS INTERNATIONAL CORPORATION D/B/A VITAL DENT | November 15th, 2011 |
| GS ZAPA INTERNACIONAL, S.L. | November 23rd, 2011 |
| HUDSON RIVER INTERNATIONAL LLC | November 25th, 2011 |
| WALLKILL CREEK INTERNATIONAL LLC | November 30th, 2011 |

(collectively the "Entity Defendants").

**LOCATION OF DEPOSITIONS**:  Zara Law Offices, 111 John Street, Suite 510, New York, NY 10038


**COURT REPORTERS AND VIDEOGRAPHERS**: CED, Inc., Cutting Edge Deposition & Reporting, 860 Grand Concourse, # 2K, Bronx, NY, 10451 (Jose Tejada).


Dated: New York, NY
      October 12, 2011         Respectfully submitted,

_____ _____
ZARA LAW OFFICES
By: Maurice Robert Zara, Esq. (MZ 0887)
111 John Street, Suite 510
New York, NY 10038

To: Duane Morris LLP
Attorneys for Defendants
1540 Broadway
New York, NY 10036-4086
Attn: John Dellaportas, Esq.
Kevin Potere, Esq.

3

**EXHIBIT A**

**DEFINITIONS**

In addition to the definitions set forth in Local Rule 26.3, the following definitions shall apply to the within Notice of Entity Defendants' Depositions.

1. "Chase Bank" means Chase Manhattan Bank GE Money.

2. "Franchisees" refers to refers to and is defined herein as any persons that have entered into a franchise agreement with Defendant East River International LLC or with any of their affiliated entity/entities, or with any other person, for the operation of a Vital Dent dental clinic in the United States or who/which have solicited to so enter into such a franchise agreement.

3. "Franchise Location" means the dental clinic operated by Plaintiffs as a Vital Dent franchise at the Pompano Citi Centre in Pompano Beach, Florida.

4. "Franchisor's Miami Office" means the Vital Dent Miami Office formerly at 555 Washington Blvd, Miami Lakes, FL.

5. "Franchisor's New York Office" means the Vital Dent New York Office formerly or currently at 17 Battery Place, Suite 205, New York, NY.

6. "Plaintiff Garcia" refers to Plaintiff Juan Carlos Amor Garcia.

7. "Providers" shall mean dentists, dental hygienists, certified dental assistants and other clinical professionals authorized by law to provide dental and/or clinical services to the patients of Franchisees.

8. "Regulatory Authorities in the States of Florida, New York and Massachusetts" shall mean all the official bodies in the States of Florida, New York Massachussetts entrusted with regulating the practice of dentistry therein, and includes state as well as local authorities.

9. "Sira Dental S.L." shall mean that franchise of Vital Dent, in Barcelona, Spain, located or formerly located at 37-39 Travessera de las Corts Catalanes, Barcelona, Spain.

10. "Vital Dent" or alternatively "Clinicas Vital Dent" refers to and is defined herein as that distinctive dental practice management services system ("System") the subject matter of the Franchise Agreement between Defendant East River International LLC, and Plaintiff Garcia dated April 17, 2007, *ZLO 1021-1066*, which System is currently operated at least in Spain using the trade or business name or mark Vital Dent.

11. "Vital Dent's Boston Clinic" means that Vital Dent clinic referred to in the article posted on the Internet under http://therealdeal.com/newyork/articles/rising-rents-may-cap-dental-chain-s-expansion-plans, and which was allegedly the source of second-hand material and equipment with which the Franchise Location was furnished.

12. "Vital Dent Franchise" means a franchise entitling franchisor to use the System in operating a dental practice.

### **NON-EXCLUSIVE MATTERS FOR EXAMINATION OF DEFENDANTS**

1- Whether Defendant solicited persons to become Vital Dent Franchisees in the United States, the names and addresses of any such persons so solicited, and the dates Defendant solicited any such persons.

2- Defendant's manner and methods used to solicit Franchisees for Vital Dent in the United States including the representations, assurances and promises Defendant made when so soliciting.

3- The nature and extent of any feasibility studies that Defendant undertook or caused to be performed, prior to soliciting Franchisees for Vital Dent in the United States.

4- The nature and extent of the regulatory review and due diligence if any that Defendant engaged in or caused to be performed, prior to soliciting Franchisees for Vital Dent, including the retention of any public relations companies to lobby lawmakers and/or regulators including Regulatory Authorities in the States of Florida, New York and Massachusetts to change the laws applicable to the practice of dentistry therein or in certain states of the United States, payments to any such public relations companies, communications with any such public relations companies.

5- The training if any that Defendant imparted to those individuals it used to solicit Franchisees for Vital Dent in the United States, including training pertaining to representations, assurances and promises concerning a Vital Dent Franchise in the United States.

6- The extent of Defendant's involvement in the preparation, production and distribution of the Blue Binder, *ZLO 727-902 (both inclusive).*

7- The extent of Defendant's involvement in the preparation, production and distribution of the Business Plan, *ZLO 1190-1208 (both inclusive).*

8- The extent of Defendant's involvement in the preparation, production and distribution of the various estimates that Plaintiff Garcia received, *including ZLO 1139-1142 (both inclusive), ZLO 1147-1148 (both inclusive), and ZLO 1209-1210 (both inclusive),* and Defendant's attempt to increase the price of the Franchise Location.

9- Defendant's involvement if any in:

- The solicitation of Ivan E. Terrero, DDS, to act as the professional service company to Vital Dent Franchisees in the United States.
- The set up of various entities such as Terrero Dental IV, PC, Dr I Terrero, P.A, Ivan Terrero, D.D.S., P.A., to service the Franchisees' clinical needs.

- The setting up of various bank accounts controlled by the Franchisees to pay Providers of dental services at the Franchises.

- The set up, control and management of Franchisor's Miami Office.

- The set up, control and management of Franchisor's New York Office.

- The management of the Vital Dent Franchises in the United States, and support to said Vital Dent Franchises.

10- The nature, structure, set-up and manner of operating of Vital Dent's business in the United States as described in the Blue Binder, the scope of Defendant's involvement therein, the role of Defendant and of the other Entity Defendants in Vital Dent's business operations, including without limitation, Defendant's dealings with Vital Dent Franchisees in the United States.

11- The allegations pertaining to the solicitation of Plaintiff Garcia to invest in a Vital Dent Franchise in the United States.

12- The nature and scope of Defendant's business relationship with Plaintiffs, specifically Defendant's involvement in:

- The sale of a Vital Dent Franchise.
- The construction of the Franchise Location.

- Alleged delays in the opening of the Franchise Location including payments to contractors and licensing issues.
- The used syringes, checkbooks, and confidential data Plaintiff Garcia received from the Vital Dent's Boston Clinic.
- The operation of Plaintiffs' Vital Dent Franchise at the Franchise Location.

13- The nature and scope of Defendant's involvement in the decision to ship to the Franchise Location, alleged second hand material and equipment originating from Vital Dent's Boston Clinic, communications on this issue with the other Entity Defendants.

14- Reason(s) that led to the closure of Vital Dent's Boston Clinic, and Defendant's knowledge if any of its foreseeable or imminent closure. Communications with other Defendants on shipping to the Franchise Location, alleged second hand material and equipment originating from Vital Dent's Boston Clinic.

15- The nature and scope of Defendant's business relationship with third parties that did business with the Franchisees including without limitation public relations and marketing firms, IT firms, and suppliers of dental suppliers to the Franchisees.  Payments from any such third-parties to Defendant, to Defendants including to the other Defendant Entities, or to their principals.

16- The payments Plaintiffs made to Defendant (as applicable) in connection with the Vital Dent franchise at the Franchise Location, and the reasons such payment(s) was made to that actual Defendant.

17- The nature and scope if any, of Defendant's involvement in and profiting from the sale of Sira Dental S.L.

18- Allegations pertaining to the used syringes, Checkbooks, and confidential data from Vital Dent's Boston Clinic.

19- Allegations pertaining to Defendant's alleged attempt to repurchase the Franchise Location at half price.

20- Allegations pertaining to certain sums Chase Bank retained from the Franchise Location on account of moneys that Vital Dent owed Chase Bank.

21- Allegations pertaining to Defendant's role in the Franchise Location's poor financial results.

22- Allegations pertaining to Defendant's alleged knowledge of Plaintiffs' damages including Plaintiff Garcia's consequential damages.

The relevant time period shall be the time period from October 2006 until the filing of the instant action on or about June 7, 2011.