AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| Juan Carlos Amor Garcia et. ano. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 11-3859 (RMB)(MHD) |
| Ernesto Colman Mena et. al. ) | |
| ) | (If the action is pending in another district, state where: |
| *Defendant* ) | Southern District of New York ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Dr Ivan Terrero, 12715 Aviano Dr. Naples, FL 34105-4932

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See EXHIBIT A attached to this Subpoena

| Place: Goldstein, Buckley, Cechman, Rice & Purtz, P.A. 2590 Northbrooke Plaza Dr. #105, Naples, FL 34119 Phone: 239-332-9410 Attn: Richard L. Purtz, Esq. richard@gbclaw.com | Date and Time: 11/21/2011 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 10/20/2011

CLERK OF COURT

_____   OR   *[signature]*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Plaintiffs** Juan Carlos Amor Garcia, and Ocean Creek International LLC , who issues or requests this subpoena, are: Maurice Robert Zara, Esq., Zara Law Offices, 111 John Street, Suite 510, New York, NY 10038, zara@zaralawny.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

<u>EXHIBIT "A" TO SUBPOENA TO DR. IVAN TERRERO</u>

DEFINITIONS, RULES OF CONSTRUCTION AND INSTRUCTIONS:

1. As used in this Subpoena, unless otherwise specified, "you"/"your/yours'"" and/or "any entities in which you have an interest" refers to Dr. Ivan Terrero personally, and/or Ivan Terrero D.D.S. FL 8, Terrero Dental IV, PC, Dr. I. Terrero P.A, and Ivan Terrero D.D.S., P.A., as well any other dental practices of yours' that contracted with Vital Dent Franchisees to obtain business, management or administration services therefrom in New York and in Florida.

2. As used in this Subpoena, "Vital Dent" refers to the dental clinic enterprise operated as a franchise business by Defendants in New York and in Florida, using the trade or business name Vital Dent.

3. As used in this Subpoena, unless otherwise specified, "Defendants" refers to Defendants Ernesto Colman Mena, Javier Arteaga, Dylan Jeannotte, Pedro Langa, East River International LLC, GS Zapa Internacional, S.L., Hudson River International LLC, and Wallkill Creek International LLC.

4. As used in this Subpoena, unless otherwise specified, "Plaintiffs" refers to Plaintiffs Juan Carlos Amor Garcia and Ocean Creek International, LLC.

5. As used in this Subpoena, "Communication(s)" refers to every contact of any nature, whether made orally, in writing or otherwise, from one person to another, and any evidence of such contact, including without limitation any correspondence, letter, facsimile messages, memoranda, business card, notes, diaries, text messages, hand-held two-way radio or walky-talky transmissions, cellular phone transmissions, daily calendars, electronic mail messages, voicemail messages, "instant messages," computer files, electronic or magnetic media, or other documents concerning such contacts.

6. As used in this Subpoena, "Documents" refers to all materials within the full scope of Federal Rule of Civil Procedure 34, including but not limited to: all writings and recordings, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise (including but

1

without limitation to, email and attachments, correspondence, memoranda, notes, diaries, minutes, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures, periodicals, telegrams, receipts, returns, summaries, pamphlets, books, interoffice and intra-office communications, offers, notations of any sort of conversations, working papers, applications, permits, file wrappers, indices, telephone calls, meetings or printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing), graphic or aural representations of any kind (including without limitation, photographs, charts, microfiche, microfilm, videotape, recordings, motion pictures, plans, drawings, surveys), and electronic, mechanical, magnetic, optical or electric records or representations of any kind (including without limitation, computer files and programs, tapes, cassettes, discs, recordings), and all electronically stored information and documents ("ESI").

7. As used in this Subpoena, "Franchisees" refers to any person(s) that entered into a franchise agreement with Defendants or with any of their affiliated entity/entities, or with any other person, for the operation of a Vital Dent dental clinic in New York or in Florida, or who/which have solicited to so enter into such a franchise agreement, and with which you contracted to obtain business, management or administration services therefrom.

8. As used in this Subpoena, "Florida Regulatory Authorities" refers to the official bodies in the State of New York entrusted with regulating the practice of dentistry therein, and includes state as well as local authorities.

9. As used in this Subpoena, "New York Regulatory Authorities" refers to the official bodies in the State of New York entrusted with regulating the practice of dentistry therein, and includes state as well as local authorities.

10. As used in this Subpoena "Banking Records" means financial records encapsulating any payments, or deposits you made to the Vital Dent Franchisees or encapsulating any financial transactions between you and the Vital Dent Franchisees, related to those

business, management or administration services you contracted therefrom, as well any payments the Vital Dent Franchisees made to you.

11. As used in this Subpoena, "Providers" means dentists, dental hygienists, certified dental assistants and other clinical professionals authorized by law to provide dental and/or clinical services to your patients at Vital Dent Franchisees.

12. "Franchisor's Corporate Miami Office" means the Vital Dent Miami Office formerly at 555 Washington Blvd, Miami Lakes, Florida.

13. "Franchisor's Corporate New York Office" means the Vital Dent New York Office formerly or currently at 17 Battery Place, Suite 205, New York, New York.

14. Pursuant to Local Civil Rule 26.2 of the Local Rules of the US District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule") these requests for production are continuing in nature so as to require the production of subsequent documents or items, as the case may be, promptly in the event that you, by or through any of your members, employees, independent contractors, agents, accountants, counsels or other representatives, learn of additional documents or items relevant to any requests not set forth in your responses to the requests sought pursuant this Subpoena.

15. Local Civil Rule 26.2 shall apply to the assertion of any claim of privilege with regard to the requests sought pursuant this Subpoena.

16. The Uniform Definitions if Discovery Requests set forth in Local Civil Rule 26.3 shall apply to the requests sought pursuant this Subpoena.

DOCUMENTS TO BE PRODUCED:

1. All Documents including ESI encapsulating any agreement or contractual relationship between you, including any entities in which you have an interest, and any of the Defendants.

2. All Documents including ESI encapsulating any agreement or contractual relationship between you, including any entities in which you have an interest, and any of the Plaintiffs.

3

3. All Documents including ESI encapsulating any agreement or contractual relationship between you, including any entities in which you have an interest, and any of the Vital Dent Franchisees.
4. All Communications between you, including any entities in which you have an interest, and any of the Defendants.
5. All Communications between you, including any entities in which you have an interest, and any of the Plaintiffs.
6. All Communications between you, including any entities in which you have an interest, and any of the Vital Dent Franchisees.
7. All Communications between you, including any entities in which you have an interest, and Vital Dent's Miami Corporate Office.
8. All Communications between you, including any entities in which you have an interest, and Vital Dent's New York Corporate Office.
9. All Communications between you, including any entities in which you have an interest, and the Providers.
10. All Documents evidencing any business, management or administration services which the Vital Dent Franchisees provided to you.
11. All Documents including ESI evidencing payments you, including any entities in which you have an interest, at any time received from any Vital Dent Franchisees.
12. All Documents including ESI evidencing payments you made, including payments made by any entities in which you have an interest, at any time to any of the Defendants, including, without limitation, payments to any of the Defendants for referring Vital Dent Franchisees to you or to any entities in which you have an interest.
13. All Communications to and from the Florida Regulatory Authorities concerning your dental practice or any dental practice operated by any entity in which you have an interest.
14. All Communications to and from the Florida Regulatory Authorities concerning the Vital Dent Franchisees.
15. All Communications to and from the New York Regulatory Authorities concerning your

dental practice or any dental practice operated by any entity in which you have an interest.

16. All Communications to and from the New York Regulatory Authorities concerning the Vital Dent Franchisees.

17. All Documents including ESI evidencing any selection of the Providers that you, or any of the entities in which you have an interest, ever undertook.

18. All Documents including ESI evidencing any training or professional direction of the Providers that you, or any of the entities in which you have an interest, ever undertook.

19. All Documents including ESI evidencing any supervision of the Providers that you, or any of the entities in which you have an interest, ever undertook.

20. All Employment Agreements between you or any of the entities in which you have an interest, and the Providers.

21. All Documents encapsulating any efforts by you or any of the entities in which you have an interest, to comply with the laws applicable to the practice of dentistry including the Health Insurance Portability and Accessibility Act of 1996.

22. All Documents encapsulating any procedures (including enforcement thereof) you or any of the entities in which you have an interest established for the Vital Dent Franchisees including procedures pertaining to the maintenance of patient records at the Vital Dent Franchisees.

23. All Documents encapsulating the assignment of Providers to treat patients at the Vital dent Franchisees.

24. All Documents encapsulating any reporting of yours' or of any of the entities in which you have an interest, to the Vital Dent Franchisees.

25. All Documents encapsulating any maintenance of equipment or furnishings that you or of any of the entities in which you have an interest, undertook for the Vital Dent Franchisees.

26. Any seal with your name on it that you provided to Vital Dent representatives at any time for the purpose of allowing Vital Dent to open bank accounts in the name of Professional Corporations for the Vital Dent Franchisees.

27. Any Power of attorney you have given to any third party at any time, for the purpose of allowing Vital Dent Franchisees to open bank accounts in your name.

28. Copies of Banking Records pertaining to Ivan Terrero D.D.S. FL 8, Terrero Dental IV, PC, Dr. I. Terrero P.A, and Ivan Terrero D.D.S., P.A.

29. Copies of Banking Records pertaining to Wiccopee Creek International, LLC, a New York limited liability company.

30. Copies of Banking Records pertaining to Indian Creek International, LLC, a New York limited liability company.

31. Copies of Banking Records pertaining to Sunshine Dental Management, Corp., a Florida corporation.

32. Copies of Banking Records pertaining to any other entity of yours' set up to function as a Professional Corporation (PC) for any Vital Dent Franchisees.

Dated: New York, NY
October 20, 2011

_____
ZARA LAW OFFICES
Attorneys for Plaintiffs
By: Maurice Robert Zara, Esq. (MZ 0887)
111 John Street, Suite 510
New York, NY 10038
212-619-4500

To: Duane Morris LLP
Attorneys for Defendants
1540 Broadway
New York, NY 10036-4086
Attn: John Dellaportas, Esq.
Kevin Potere, Esq.
212-692-1000

6